**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS G. LUTTRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-1670-ACL |
| | ) | |
| TERI VANDERGRIFF, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER TO SHOW CAUSE</u>

This matter comes before the Court on Petitioner Douglas G. Luttrell's petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, and motion to proceed *in forma*

*pauperis*, ECF No. 2. Upon review of Petitioner's motion and the financial information

submitted in support, the Court will grant Petitioner's motion to proceed *in forma pauperis*.

Additionally, for the reasons discussed below, the Court will order Petitioner to show cause as to

why this action should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

## Background

On March 17, 2023, Petitioner pleaded guilty to third-degree child molestation and the

trial court subsequently sentenced Petitioner to a term of five years imprisonment. *State of*

*Missouri v. Luttrell*, No. 21CG-CR01619-01 (32nd Jud. Cir., Cape Girardeau County).[1]

Petitioner filed his pro se Rule 24.035 motion for postconviction relief on September 15, 2023.

*Luttrell v. State of Missouri*, No. 23CG-CC00260-01 (32nd Jud. Cir., Cape Girardeau County).

An amended Rule 24.035 motion was filed on April 11, 2024. On October 11, 2024, the circuit

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

court issued its findings of fact and conclusions of law denying Petitioner's motion without an evidentiary hearing. On November 13, 2024, Petitioner appealed the circuit court's decision.

The Missouri Court of Appeals for the Eastern District vacated the judgment of the circuit court on August 12, 2025, and directed the circuit court to dismiss Petitioner's motion as untimely. *Luttrell v. Missouri*, 720 S.W.3D 22 (Mo. App. E.D. 2025). The Court of Appeals explained that Petitioner had 180 days after his sentencing on March 17, 2023 to file his Rule 24.035 motion. Petitioner filed his Rule 24.035 motion 182 days after his sentencing, making the motion untimely.

Petitioner filed the instant action on November 12, 2025. ECF No. 1.

## Discussion

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition and the underlying state-court actions, it appears that the petition is untimely. Therefore, Petitioner will be ordered to show cause why his petition should not be summarily dismissed as time-barred.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez*

2

*v. Thaler*, 565 U.S. 134, 150 (2012). In this case, Petitioner had 10 days after his sentencing on March 17, 2023, to file an appeal. Petitioner did not directly appeal his guilty plea. Thus, the statute of limitations began to run on March 27, 2023. While a timely and properly filed post-conviction motion can toll the statute of limitation period, the only post-conviction motion filed in this case was untimely as deemed by the state court. The Supreme Court has determined that an untimely post-conviction motion is not properly filed within the meaning of § 2244(d)(2) and cannot be used to toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Therefore, Petitioner's statute of limitations continued to run and expired on March 27, 2024. Petitioner did not file his petition until November 12, 2025. It therefore appears that the petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1).

### Order to Show Cause

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that a petitioner is not entitled to relief. Here, as discussed above, it appears that Petitioner's petition is barred by the statute of limitations. However, before dismissing a habeas action as time-barred, the Court must provide notice to the petitioner. *See Day v. McDonough*, 547 U.S 198, 210 (2006). As a result, the Court will order Petitioner to show cause, in writing and no later than thirty days from the date of this order, why this action should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

3

**IT IS FURTHER ORDERED** that Petitioner shall show cause in writing within **thirty (30) days** of the date of this order as to why the Court should not dismiss his petition for writ of habeas corpus as time-barred.

**IT IS FURTHER ORDERED** that Petitioner's failure to file a show cause response will result in the denial of the instant habeas corpus petition and the dismissal of this action without further proceedings.

Dated this 16th day of March, 2026.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE