**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DOUGLAS G. LUTTRELL,                          )
                                              )
             Petitioner,                      )
                                              )
      v.                                      )           No. 4:25-cv-1670-ACL
                                              )
TERI VANDERGRIFF,                             )
                                              )
             Respondent.                      )

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Petitioner Douglas G. Luttrell's

response to the Show Cause Order issued March 16, 2026. Having carefully reviewed

Petitioner's response, the Court concludes that his arguments are without merit, and that the

instant action is time-barred under 28 U.S.C. § 2244(d).

**Background**

On March 17, 2023, Petitioner pled guilty to third-degree child molestation and the trial

court subsequently sentenced Petitioner to a term of five years imprisonment. *State of Missouri v.*

*Luttrell*, No. 21CG-CR01619-01 (32nd Jud. Cir., Cape Girardeau County).[1] Petitioner did not

appeal his conviction or sentence. Petitioner filed his pro se Rule 24.035 motion for

postconviction relief on September 15, 2023. *Luttrell v. State of Missouri*, No. 23CG-CC00260-

01 (32nd Jud. Cir., Cape Girardeau County). On October 11, 2024, the circuit court issued its

findings of fact and conclusions of law denying Petitioner's motion without an evidentiary

hearing. On November 13, 2024, Petitioner appealed the circuit court's decision.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

The Missouri Court of Appeals for the Eastern District vacated the judgment of the circuit court on August 12, 2025, and directed the circuit court to dismiss Petitioner's motion as untimely as it had been filed more than 180 days after Petitioner's guilty plea. *Luttrell v. Missouri*, 720 S.W.3d 22 (Mo. App. E.D. 2025). Petitioner did not appeal this decision. Thus, Petitioner's one-year statute of limitations began on March 27, 2023. Because there was no timely-filed post-conviction motion filed, there was no tolling of the statute of limitations. The last day for Petitioner to timely file his petition was March 27, 2024.

Petitioner filed the instant action on November 12, 2025, which was 595 days after the one-year statute of limitations had run. *See* ECF No. 3. On March 16, 2026, the Court ordered Petitioner to show cause why his petition should not be dismissed as untimely. *Id*.

### Discussion

In response to the Show Cause Order, Petitioner states that when he lost his case at the Court of Appeals his "court public defender said that I needed to file this habeas corpus" and indicated Petitioner still had time to file. ECF No. 4 at 1. Nothing else in the response addresses the issue of timeliness. *Id*.

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an exceedingly narrow window of relief. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v.*

*Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted).

Here, Plaintiff seems to allege that when the Missouri Court of Appeals ruled his postconviction motion was untimely, his appellate counsel advised him that he still had time to file his habeas petition. In fact, at the time the Court of Appeals ruled in August 2025, the statute of limitations had already run, expiring on March 27, 2024. The Supreme Court has suggested that a "prisoner seeking state postconviction relief might avoid this predicament ... by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. at 416 (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). Waiting "in the hopes that any ambiguities would ultimately be resolved in his favor, is the kind of 'oversight, miscalculation or negligence' for which equitable tolling is not appropriate." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). Alleged ignorance of the statute of limitations and "lack of legal sophistication" are not "extraordinary circumstance[s] warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Robinson v. Kramer*, 588 F.3d 1212, 1216 (9th Cir.2009) (citing *Felder v. Johnson,* 204 F.3d 168 (5th Cir. 2000)); *see also Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.").

Petitioner's assertion that his appellate counsel informed him that he still had time to file a habeas petition, when in fact that statute of limitations had already expired, is insufficient to allow equitable tolling. Based on his representations, Petitioner did not pursue his rights for more than 960 days, and he does not allege any "extraordinary circumstance stood in his way."

3

*Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks omitted). Petitioner has failed to give an adequate reason why he is entitled to equitable tolling; therefore, the Court must dismiss the petition under 28 U.S.C. § 2244(d).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's application for writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** without prejudice as time-barred.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of May, 2026.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE